**E-FILED**
Friday, 13 January, 2006  02:31:38 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| COUNTY OF KANKAKEE, | ) |
| KARL A. KRUSE, BRUCE CLARK, | ) |
| MARK J. FRECHETTE, | ) |
| EDWARD D. SMITH, and | ) |
| BRENDA L. GORSKI, | ) |
|       Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 05-2194 |
| MARK ANTHONY and | ) |
| LOUISE CAMPBELL-ANTHONY, | ) |
| | ) |
|       Defendants. | ) |

## REPORT AND RECOMMENDATION

In September 2005, Plaintiffs Kankakee County, Karl Kruse, Bruce Clark, Mark Frechette, Edward Smith, and Brenda Gorski filed a Complaint for Declaratory Judgment and Injunctive Relief (#1) against Defendants Mark Anthony and Louise Campbell-Anthony. Later that month, Plaintiffs filed their First Amended Complaint (#4), alleging violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c)) (hereinafter "RICO"). In November 2005, Defendants filed two documents, each titled "Counter Claim" (#5, #7).

In December 2005, Plaintiffs filed a Motion To Dismiss (#8). Defendants have failed to file a response.

Plaintiffs argue that the two documents titled Counter Claim should be dismissed because (1) they are unintelligible and fail to conform to basic pleading requirements established in Rule 8(a) of the Federal Rules of Civil Procedure; and (2) Defendants have failed to state a claim under Rule 12(b)(6). In support, Plaintiffs rely on *Hibben v. Countrywide Home Loans, Inc.*, No. 05-C-4262, 2005 WL 3262971 (N.D. Ill. Nov. 29, 2005); *Peters v. BMW of North Am.*, No. CIV A DKC2004-3451, 2005 WL 2250785 (D. Md. Sept 15, 2005); *United States v. Bryan*,

No. CIVS042363, 2005 WL 1335520 (E. D. Cal. June 3, 2005); and *United States v. Dutson*, No. CIV 04-2585, 2005 WL 605381 (D. Ariz. Mar. 10, 2005). The courts in those cases generally found that the pleadings at issue were unintelligible and failed to state claims.

The Court has reviewed Defendants' documents and agrees that they are unintelligible and fail to state claims upon which relief may be granted. Accordingly, the Court recommends granting the motion to dismiss.

**Summary**

For the reasons stated above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiffs' Motion To Dismiss **(#8)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of January, 2006.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE