UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| COUNTY OF KANKAKEE, KARL A. KRUSE, BRUCE CLARK, MARK J. FRECHETTE, EDWARD D. SMITH, and BRENDA L. GORSKI, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 05-2194 |
| v. ) | |
| MARK ANTHONY and LOUISE CAMPBELL-ANTHONY, ) ) ) | |
| Defendants. ) ) | |

**OPINION**

On September 1, 2005, Plaintiffs filed a Complaint (#1) in this matter and an Emergency Motion for Temporary Restraining Order (#2). Following a hearing on the motion for temporary restraining order, this court found no basis for federal jurisdiction and denied the motion. This court further allowed Plaintiffs 28 days to file an amended complaint which properly alleged federal jurisdiction. On September 29, 2005, Plaintiffs filed their Amended Complaint (#4), alleging federal jurisdiction premised upon the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq. In their amended complaint, Plaintiffs allege that Defendants are "attempting to assert unadjudicated claims against Plaintiffs, to sell or assign such claims to unknowing third parties, or to file non-consensual liens against Plaintiffs." Plaintiffs further allege Defendants sent Plaintiffs a document entitled "Notice of International Commercial Claim in Admiralty Administrative Remedy," although Plaintiffs indicate this document has not been filed with any court. According to Plaintiffs,

this document along with several others received by Plaintiffs indicate Defendants "intend to enforce their unadjudicated claims against Plaintiffs." Plaintiffs also indicate they "believe . . . that Defendants intend to file UCC Financing Statements against Plaintiffs."

This court, as one of limited jurisdiction, is under a continuing obligation to monitor whether it has subject matter jurisdiction over cases brought before it. Metropolitan Life Ins. Co. v. O'Malley, 392 F. Supp. 2d 1042, 1043 (N.D. Ill. 2005). A case must be dismissed for lack of subject matter jurisdiction if it is not yet ripe for purposes of Article III. Biddison v. City of Chicago, 921 F.2d 724, 726 (7th Cir. 1990). "A claim is unripe when critical elements are contingent or unknown." Marusic Liquors, Inc. v. Daley, 55 F.3d 258, 260 (7th Cir. 1995). To sustain a civil RICO claim, Plaintiffs must demonstrate: "(1) a violation of the RICO statute, including proof that the defendant has participated in a pattern of racketeering, and (2) an injury to business or property." McCool v. Strata Oil Co., 972 F.2d 1452, 1464 (7th Cir. 1992). Plaintiffs have failed to allege anything related to the second element of a civil RICO claim. Rather, they have alleged only an anticipation of injury. Plaintiffs allege Defendants are "attempting to assert" or "intend to enforce" unadjudicated claims. Because such allegations are not of an injury but rather of an anticipated injury, this court concludes this case is unripe and must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED:

This case is dismissed for lack of subject matter jurisdiction.

ENTERED this 23rd day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE